**FENG LAN LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75921.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009 *.

Filed March 6, 2009.

J. Jack Artz, Esquire, Law Office of J. Jack Artz, Norwalk, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Jeannie M. Joseph, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Feng Lan Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying her applica-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA adopts and affirms the decision of the IJ in its entirety, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We deny the petition for review.

The IJ's adverse credibility determination is supported by substantial evidence, including (1) material internal inconsistencies within Li's testimony, (2) Li's inability to remember critical details about core components of her claims, and (3) Li's failure to mention anything about her alleged forced abortions during the credible fear interview. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004); *see also Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999); *Long v. Gonzales,* 422 F.3d 37, 40–41 (1st Cir.2005). In addition, the record supports the IJ's determination that the letters Li submitted to corroborate her claims were of questionable veracity and do not support her claims. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). We uphold the IJ's denial of asylum and withholding of removal.

Substantial evidence supports the IJ's decision to deny Li's CAT claim because Li based the claim on the testimony found to be incredible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**